IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HENRY DAVIS,<br><br>                    Plaintiff,<br><br>     vs.<br><br>VILLA SERVICES, et. al;<br><br>                    Defendants. | 8:14CV137<br><br>**MEMORANDUM AND ORDER** |

The defendants have filed motions to dismiss for lack of personal jurisdiction. (Filing Nos. 13 & 17). The plaintiff has moved for leave to conduct jurisdictional discovery. (Filing No. 30). For the reasons stated below, the motion to conduct discovery will be granted, and the plaintiff's deadline for responding to the motions to dismiss will be stayed pending completion of that discovery.

ANALYSIS

The plaintiff's complaint alleges the defendants failed to provide a vacation rental property in St. Martin with the amenities required by contract. Henry Davis, the plaintiff, is a Nebraska resident. Defendant Wachs is the owner of Villa Belle Etoile, the St. Martin property rented by Davis, and defendant Carimo Real Estate & Villa Services markets the property for Wachs. Davis communicated with defendant Rental Butler to rent the property. Rental Butler is a citizen of Canada, and is incorporated under Ontario law with its principal place of business in Ontario, Canada.

Rental Butler states it has no presence in Nebraska, and Davis is its only past or present client from Nebraska. Filing No. 20, p. 11. It further claims Davis initiated contact with Rental Butler and, as such, Rental Butler did not subject itself to Nebraska's jurisdiction. Wachs and Carimo claim they have no presence in Nebraska and have made

no contacts with Nebraska regarding Davis' rental of the St. Martin property. As such, the defendants each argue that a Nebraska court cannot exercise personal jurisdiction over them.

Based on the evidence of record, the plaintiff contacted Rental Butler to rent the Villa Belle Etoile property and thereafter, the contract was created, questions were answered, and trip information was exchanged through emails between Rental Butler in Ontario and Davis (or his daughter) in Nebraska. ([Filing No. 21-1](#)). The plaintiff has submitted evidence that Rental Butler's website allows visitors to engage in a "Live Chat" with Rental Butler representatives, and submit their name, contact information, reservation details, and flight arrival information to Rental Butler. ([Filing No. 47](#)).

The plaintiff argues that as to Davis' rental of the St. Martin property, Rental Butler's contacts with Nebraska are imputed to Carimo and Wachs; that is, Rental Butler served as the agent of Carimo who, in turn, was acting on behalf of Wachs. In support of his argument, the plaintiff cites the defendants' evidence in support of the pending motions to dismiss. Specifically, Carimo marketed Wachs' Villa Belle Etoile property in St. Martin, ([Filing No. 19-2, at CM/ECF p. 3](#), ¶ 22), and this property was thereby rented either directly by Carimo or through third-party wholesalers such as Rental Butler. ([Filing No. 19-2, at CM/ECF pp. 3-4](#)). As to Davis' rental, Rental Butler contacted Carimo regarding renting the property, ([Filing No. 19-2, at CM/ECF p. 4](#), ¶ 34), and Rental Butler sent Davis the information needed to reserve the rental. In return, both Rental Butler and Carimo received a commission from the rent paid by Davis while Wachs, the owner, received 70% of the rent. ([Filing Nos. 19-1, at CM/ECF p. 5](#) & [19-2, at CM/ECF p. 4](#), ¶ 35).

The plaintiff argues the evidence of record supports personal jurisdiction over each of the defendants, but to buttress his jurisdictional claim, Davis requests an

opportunity to perform discovery before the court rules on the motions to dismiss. The plaintiff seeks discovery regarding the agency relationship between Rental Butler and Carimo and between Carimo and Wachs; the extent of the defendants' contacts with Nebraska; and the level of interaction with customers available through Rental Butler's website. Lakin v. Prudential Securities, Inc., 348 F.3d 704, 710 (8th Cir. 2003)(holding that when a user can exchange information with a host computer over a website, "the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.")

The plaintiff has submitted evidence of the defendants' contacts or imputed contacts with Nebraska regarding the contract at issue. Any additional evidence relevant to the jurisdictional issue is available from only the defendants. Under such circumstances, the plaintiff will be permitted to perform jurisdictional discovery before the court rules on the pending motions to dismiss. See Lakin, 348 F.3d at 713 (finding the failure to permit jurisdictional discovery was an abuse of discretion); Marolf v. AyA Aguirre & Aranzabal S.A., No. 4:09CV3221, 2010 WL 964956, at *2 (D.Neb. March 10, 2010) (Kopf, J) ("When the plaintiff offers documentary evidence, and not merely speculations or conclusory allegations, about a defendant's contacts with the forum, a district court should not dismiss the action for lack of personal jurisdiction over the defendant without permitting him to take some jurisdictional discovery to establish whether general personal jurisdiction would be justified.").

Accordingly,

IT IS ORDERED:

1) The plaintiff's motion to perform jurisdiction discovery, (Filing No. 30), is granted, and the plaintiff's deadline for responding to the pending motions to dismiss is stayed pending completion of that discovery.

2) The plaintiff's motion to strike the Filing No. 45 index of evidence, (Filing No. 46), is granted.

3) A telephonic conference with the undersigned magistrate judge will be held on **November 18, 2014** at **9:00 a.m.** to discuss a discovery schedule and the schedule for further briefing on the pending motions to dismiss. Counsel for plaintiff shall place the call.

November 13, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.